Filed 9/25/20  P. v. Ridley CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077239 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. BAF1500978) |
| CODY NED RIDLEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside County, Frederick Paul Dickerson III, Judge.  Affirmed.

Cody Ned Ridley, in pro. per.; and Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2017, a jury convicted Cody Ned Ridley of criminal threats, first degree burglary, false imprisonment, dissuading a witness, and violating a family court protective order.  Ridley admitted two strike priors and two serious felony priors.  At sentencing, the court struck one of the strike priors and imposed a determinate term of 19 years 4 months in prison.

Ridley appealed his conviction and in January 2019 this court filed an unpublished opinion. (*People v. Ridley* (Jan. 23, 2019, D074196) [nonpub. opn.].) We affirmed the convictions but remanded the case to the trial court for resentencing. Specifically, we directed the court to stay the sentences on the criminal threat and false imprisonment counts pursuant to Penal Code[1] section 654. We also directed the court to exercise its discretion to consider striking one or more of the serious felony priors.

On remand, the court stayed the false imprisonment and criminal threat counts under section 654. The court granted Ridley's motion to strike one of the serious felony priors but denied the motion as to the second prior. Ridley was resentenced to a determinate term of 14 years 4 months. The court filed an amended abstract of judgment.

Ridley again appealed.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating he has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Ridley the opportunity to file his own brief on appeal. Ridley has responded with a supplemental brief. We will discuss the supplemental brief later.

## STATEMENT OF FACTS

The facts of the underlying offenses are fully set forth in our prior opinion in case No. D074196. We will not repeat them here.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel

---

1    All further statutory references are to the Penal Code.

has identified a possible, but not arguable issue that was considered in evaluating the potential merits of this appeal: Whether the trial court abused its discretion in dismissing only one of the serious felony prior convictions.

In his supplemental brief he repeats counsel's request that we review the record for error. Ridley lists two possible issues:

1. Failure to review Brady motion; and

2. Failure to have a factual basis for his 1999 prior conviction.

Neither "issue" is cognizable on this appeal from a postconviction resentencing proceeding ordered by this court when we affirmed the original judgment.

We have reviewed the entire record as required by *Wende* and *Anders.* We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Ridley on this appeal.

## DISPOSITION

The judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


IRION, J.

3